UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ASHKAN RAJAEE and NASSIM RAJAEE,<br>Debtors.<br>________________________________<br><br>ASHKAN RAJAEE,<br>Appellant,<br><br>v.<br><br>TOPDEVZ, LLC, TYLER DAVIS, and CHRISTOPHER R. BARCLAY, Chapter 7 Trustee,<br>Appellees. | Case No.: 25-cv-3260-RSH-GC<br><br>(Appeal from S.D. Cal. Bankr. Case No. 3:24-bk-00617-CL)<br><br>**ORDER DENYING APPELLANT'S MOTION FOR REHEARING**<br><br>[ECF No. 22] |

Pending before the Court is a motion by debtor and appellant Ashkan Rajaee ("Appellant" or "Rajaee") requesting rehearing pursuant to Fed. R. Bankr. P. 8022 of this Court's April 23, 2026 order of dismissal. ECF No. 22. As set forth below, the Court denies the motion.

## I. BACKGROUND

On October 30, 2025, the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") denied Rajaee's "motion for findings and conclusions" on the Bankruptcy Court's order denying Rajaee's motion for reconsideration of an order granting the Trustee's motion for a protective order.[1] On November 13, 2025, Rajaee filed a notice of appeal from the Bankruptcy Court's October 30, 2025 order. The Trustee elected to proceed with this appeal in U.S. District Court. *See* ECF No. 1-9.

On April 23, 2026, this Court dismissed Rajaee's appeal for lack of jurisdiction, finding the appeal did not challenge a final order of the Bankruptcy Court. ECF No. 20 at 5. The Court also denied the motions Rajaee filed after briefing on the merits was completed, seeking to dismiss adverse parties from Rajaee's appeal, or to transfer the appeal to the Bankruptcy Appellate Panel. *Id*.

This is one of Rajaee's numerous bankruptcy appeals. Rajaee or his spouse and co-debtor have filed at least twenty separate appeals from his Bankruptcy Case, none of which appeals have been successful to date. *See* Case No. 26-cv-937, ECF No. 17 (listing status of various appeals). Rajaee has also filed several civil lawsuits against one or more of the appellees in this case. *See* ECF No. 20 at 2 n.1.

## II. LEGAL STANDARD

Under Fed. R. Bankr. P. 8022, a party may move for rehearing of a district court's order on a bankruptcy appeal. "[T]he motion must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). A motion under Fed. R. Bankr. P. 8022 is similar to a petition for rehearing under Fed. R. App. P. 40. *See In re Fowler*, 394 F.3d 1208, 1214-15 (9th Cir. 2005) (affirming denial of

---

[1] The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL (S.D. Cal. Bankr.) (the "Bankruptcy Case").

motion for rehearing where district court applied Rule 40 standard in bankruptcy matter); *In re Silver*, No. 23-60004, 2024 WL 838698, at *1 (9th Cir. Feb. 28, 2024) (citing *Fowler* as setting forth the standard of review on a Rule 8022 motion).

"[A] petition for rehearing is not a vehicle for a party to 'study and reargue his case anew.'" *United States v. Mageno*, 786 F.3d 768, 775 (quoting *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962)); *see also Easley v. Reuss*, 532 F.3d 592, 593-94 (7th Cir. 2008) (collecting cases for the proposition that Fed. R. App. P. 40 "is not a vehicle for presenting new arguments, and, absent extraordinary circumstances, [courts] shall not entertain arguments raised for the first time in a petition for rehearing").

## III. ANALYSIS

Rajaee contends that the Court erred in dismissing as non-final his appeal of the Bankruptcy Court's order denying Rajaee's motion to have the Bankruptcy Court make findings of fact and conclusions of law in connection with the Bankruptcy Court's denial of reconsideration of its earlier order granting the Trustee's motion for a protective order. *See* ECF No. 22 at 4 (Rajaee's motion for rehearing); *see also* Bankruptcy Case, Dkt. Nos. 402 (May 14, 2025 order granting Trustee's motion for a protective order); 537 (July 22, 2025 denying Rajaee's motion for reconsideration); 628 (Oct. 30, 2025 order denying Rajaee's motion for findings of fact and conclusions of law in connection with denial of reconsideration).

Fed. R. Bankr. P. 8003(a)(3) requires that a notice of appeal "be accompanied by the judgment—or the appealable order or decree—from which the appeal is taken." Rajaee's notice of appeal stated that he was appealing the Bankruptcy Court's denial of his motion for findings of fact and conclusions of law, and only attached the Bankruptcy Court's order denying the motion for findings of fact and conclusions of law. *See* ECF No. 1 (notice of appeal). In moving for rehearing, Rajaee argues that all three Bankruptcy Court orders "merged"—such that he was appealing not only the Bankruptcy Court's denial of his motion for findings of fact and conclusions of law, but also the order granting the Trustee's

motion for a protective order, and the order denying Rajaee's motion for reconsideration. ECF No. 22 at 4. Fed. R. Bankr. P. 8003(a)(4) provides that "[t]he notice of appeal encompasses all orders that, for purposes of appeal, merge into the identified judgment or appealable order or decree."

Rajaee did not argue in his opening brief that he was appealing these three orders. Fed. R. Bankr. P. 8014(a)(4) requires an appellant to provide a jurisdictional statement that includes the "relevant facts establishing jurisdiction," but Rajaee's jurisdictional statement was conclusory and did not identify what he was appealing. *See* ECF No. 8 at 10. His opening brief did not advance the theory of merger he asserts in his motion for rehearing. Instead, he focused on the same question that has been the hallmark of Rajaee's repeated appeals and lawsuits—an effort to collaterally attack an arbitration that he lost and a subsequent San Diego Superior Court judgment that was entered against him. In Rajaee's view, the San Diego Superior Court judgment was "void" and so every subsequent adverse order in the Bankruptcy Case is also "void" because they "give effect" to the earlier judgment against him. ECF No. 8 at 26-35.

Although Rajaee's reply briefly raised his theory of "merger" in responding to the Trustee's argument that Rajaee was appealing from a non-final order, Rajaee did not contend, much less establish, that the Bankruptcy Court's order granting the Trustee's motion for a protective order, or its order denying Rajaee's motion for reconsideration, were appealable orders either. *See* ECF No. 12 at 6. They were not appealable orders. *See In re Royce Homes LP*, 466 B.R. 81, 89 (S.D. Tex. 2012) (noting "extensive case law holding bankruptcy discovery orders to be interlocutory" and non-appealable); *Hoffenberg v. Cohen (In re Towers Fin. Corp.)*, 164 B.R. 719, 720 (S.D.N.Y. 1994) ("Bankruptcy court orders granting or denying discovery do not finally dispose of an entire claim on which relief may be granted, and therefore are generally treated as interlocutory and not appealable as of right."); *see also Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1490 (9th Cir. 1989) ("Discovery orders are not final appealable orders under 28 U.S.C. § 1291,

and courts have refused interlocutory review of such orders under the collateral order doctrine.") (citation omitted); *Branson v. City of Los Angeles*, 912 F.2d 334, 336 (9th Cir. 1990) ("[W]hen an underlying judgment is not final for purposes of section 1291, the denial of a motion to alter such judgment cannot be final for such purposes either."). Here, there was no final judgment or other appealable order into which any of the orders not mentioned in Rajaee's notice of appeal could "merge."

Whether Rajaee's instant appeal is construed as challenging the Bankruptcy Court's orders denying of Rajaee's motion for findings of fact and conclusions of law, granting the Trustee's motion for a protective order, or denying Rajaee's motion for reconsideration, or all of these orders, he does not challenge a non-final order pursuant to 28 U.S.C. § 158(a)(2), and there is no basis for interlocutory review under 28 U.S.C. § 158(a)(3). As this Court previously stated, ECF No. 20 at 5, Rajaee's appeal is meritless. It is unmoored from any ruling of the Bankruptcy Court, and represents Rajaee's effort to use unrelated, interlocutory rulings in his bankruptcy case to undo his state-court loss.

## IV. CONCLUSION

For the foregoing reasons, Rajaee's motion for rehearing [ECF No. 22] is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 10, 2026

Hon. Robert S. Huie
United States District Judge